United States District Court
Southern District of Texas
**ENTERED**
October 21, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KENNETH W. MERCER, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> PATTERSON-UTI DRILLING CO., LLC, <br><br> Defendant. | CIVIL ACTION NO. 4:15-CV-346 <br><br> (Consolidated with 4:15-cv-1443) <br><br> Honorable Keith P. Ellison |

## MEMORANDUM AND ORDER

Before the Court is a bill of costs submitted by Defendant. Having reviewed the bill of costs, Plaintiffs' objections, related documents in the record, and the applicable law, the Court holds that Plaintiffs' objections are **SUSTAINED** in part and **OVERRULED** in part.

Plaintiffs filed suit against Defendant, their former employer, alleging that Defendant failed to provide them with the 60-day written notice of mass layoff required under the Worker Adjustment and Retraining Notification Act of 1988, 29 U.S.C. §§ 2101 et seq. (the "WARN Act"). Defendant moved for summary judgment on Plaintiffs' claims. The Court granted Defendant's motion at a hearing on August 10, 2016, and entered final judgment in Defendant's favor later that day.[1] (Dkt. 81, 82.) As the "prevailing party" under Fed. R. Civ. P. 54(d), Defendant filed a bill of costs seeking reimbursement "for printed or electronically recorded transcripts necessarily obtained for use in the case." (*See* Dkt. 83); *see also* 28 U.S.C. § 1920 (outlining taxable costs). Plaintiffs timely filed an objection. (*See* Dkt. 85.)

Plaintiffs first contend that Defendant is not entitled to recover *any* costs under Rule 54(d). In support of this argument, they cite only to a 26-year-old case from the District of

---

[1] Plaintiffs' appeal of this ruling is pending in the Fifth Circuit.

1

Minnesota. A review of the case, however, reveals that the prevailing party had moved for attorneys' fees under Fed. R. Civ. P. 11 and two unrelated statutes, not for costs under Rule 54(d). *See Solberg v. Inline Corp.*, 740 F. Supp. 680, 687 (D. Minn. 1990) (addressing motions for attorneys' fees under Fed. R. Civ. P. 11, the prevailing party provision of ERISA (29 U.S.C. § 1132(g)(1)), and the prevailing party provision of the WARN Act (29 U.S.C. § 2104(a)(6)), none of which are at issue here). In fact, the only on-point case cited in Plaintiffs' brief cuts against them. In *Meadows v. Latshaw Drilling Co., LLC*, 2016 WL 3057657 (N.D. Tex. 2016), the court assessed costs under circumstances nearly identical to those at issue here. Given the dearth of precedent in favor of Plaintiffs' position, the Court cannot adopt it, particularly in the face of Rule 54's "strong presumption" in favor of awarding costs to the prevailing party. *See* Fed. R. Civ. P. 54(d) (costs "*should be allowed* to the prevailing party") (emphasis added); *Cheatham v. Allstate Ins. Co.*, 465 F.3d 578, 586 (5th Cir. 2006) ("There is a strong presumption under Rule 54(d)(1) that the prevailing party will be awarded costs.") Plaintiffs' objection on these grounds is overruled.

Plaintiffs' second argument—that some of the costs were incidental to taking depositions and are not recoverable as a result—hits the mark. As courts in this Circuit have long recognized, "'Additional charges incurred merely for the convenience of one party's counsel should not be taxed to the other.'" *Evert Fresh Corp. v. Pactiv Corp.*, 2011 WL 2672353, at *2 (S.D. Tex. July 7, 2011) (quoting *Fogleman v. ARAMCO (Arabian American Oil Co.)*, 920 F.2d 278, 286 (5th Cir. 1991)). "[I]t is the prevailing party's burden to establish that the costs sought are recoverable under § 1920." *Gaspari v. FMC Techs., Inc.*, No. CV H-13-2353, 2016 WL 2659593, at *2 (S.D. Tex. May 5, 2016) (citing *Baisden v. I'm Ready Prods., Inc.*, 793 F. Supp. 2d 970, 973 (S.D. Tex. 2011)), *adopted* 2016 WL 1070859 (S.D. Tex., Mar. 15, 2016).

2

Defendant fails to identify any precedent within the Fifth Circuit finding that an e-transcript is "necessarily obtained" where, as here, the party has already procured a printed copy of the deposition transcript and exhibits. To the contrary, Defendant's apparent reason for obtaining the e-transcript strongly suggests that they were obtained out of convenience rather than necessity. (*See* Dkt. 86 at 5 (e-transcript allows the "attorney to search the text of [the] documents with ease").) Plaintiffs' objection to Defendant's request for reimbursement of the e-transcript and exhibit scanning fees is therefore sustained.

The Fifth Circuit has additionally held that "incidental costs like shipping, binding, and tabbing are generally not taxable, as these costs are not listed in § 1920." *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 133 (5th Cir. 2015). Accordingly, the Court sustains Plaintiffs' objection as it relates to Defendant's recovery of the following deposition-related fees: (1) administrative fee; (2) exhibit tabs fee; (3) obtaining signature (Read & Sign Fee); (4) delivery fee; (5) binding fee; (6) rough draft fee;[2] (7) color copy fee; and (8) shipping and handling fees.

More generally, the Court regrets that modern litigation has become so expensive for all parties. That is a problem, however, which must be addressed legislatively rather than in individual cases.

In conclusion, Defendant is entitled to recover $8,019.53. This represents the full amount requested by Defendant, less the $456.70 that is attributable to the costs to which Plaintiffs correctly objected.

**IT IS SO ORDERED.**

---

[2] This is tantamount to an expedited delivery charge, which generally is not a taxable cost. *United States ex rel. King v. Solvay S.A.*, 2016 WL 3523873, at *3 (S.D. Tex. June 28, 2016) ("Incidental costs associated with depositions, such as the cost of expedited delivery charges . . . are generally not recoverable.")

Signed this 20th day of October 2016.

                                                  Hon. Keith P. Ellison
                                                  United States District Judge